Case 2:13-cr-00447   Document 25   Filed in TXSD on 06/16/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:13-CR-447-1 |
| | § | |
| RAUL ISIDRO BOTELLO, | § | |
| Defendant/Movant. | § | |

## ORDER RECHARACTERIZING MOTION AS MOTION TO VACATE, SET ASIDE OR REDUCE SENTENCE

Raul Isidro Botello filed a motion to appoint counsel for a claim pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). Botello's motion may properly be construed as a motion for relief under 28 U.S.C. § 2255. Pursuant to the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375, 383 (2003), however, the undersigned recognizes that a post-conviction motion should be recharacterized as a § 2255 motion only after adequate notice and warning to the defendant as to the consequences of recharacterization.

### I. BACKGROUND FACTS

Botello was convicted after his guilty plea to illegal reentry. D.E. 20. He was sentenced to 37 months imprisonment in September 2013, to be followed by 3 years supervised release. *Id.* He did not appeal.

Botello instead filed his present motion. His claims may only be asserted pursuant to a motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. His motion should be construed as a motion to vacate, set aside or reduce sentence pursuant to 28 U.S.C.

1

§ 2255. *See United States v. Feliz*, 2013 WL 3822079 at *1 (5th Cir., July 25, 2013) (per curiam) (designated unpublished) (ordering district court to construe post-conviction motion as § 2255 motion and issue *Castro* warnings).

## II.  *CASTRO* WARNING

**Botello is hereby advised that he must notify this Court if he wishes his motion to be characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255**. He is further advised that if the motion is so characterized, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. *See* 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion, Botello will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[1] 28 U.S.C. § 2244(b)(3)(A).

---

[1]  The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In light of the foregoing, if Botello wishes to have his motion construed under § 2255, he must affirmatively notify the Court within 30 days of this order. He should supplement his motion with all grounds he wishes to assert (or risk waiving them), or he may voluntarily withdraw his motion within 30 days of the entry of this Order. If he fails to affirmatively notify the Court of his desire to proceed as a § 2255, this Court will dismiss his current filing.

### III.  CONCLUSION

As discussed above, **Botello is advised that he must notify this Court within thirty (30) days of this Order if he wishes to proceed in a § 2255 motion and if he does, he should supplement his filing to include all claims that he wishes to raise or risk have them barred in any subsequent proceeding, or he may withdraw his motion. If Botello does not respond to this Order, the Court will dismiss his motion, D.E. 23**. Additionally, the Clerk is directed to forward to Botello the form to file a motion pursuant to § 2255, and to serve a copy of Botello's motion (D.E. 23) and this Order on the government.

Ordered this 16th day of June, 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE