United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:13-CR-447-1 |
| | § | (CV. No. 2:16-CV-278) |
| RAUL ISIDRO BOTELLO, | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND <u>DENYING A CERTIFICATE OF APPEALABILITY</u>

Raul Isidro Botello (Botello) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). For the reasons stated herein, the § 2255 motion is dismissed and Botello is denied a certificate of appealability.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND AND CLAIMS

Botello was found in Bee County in February 2015 by Border Patrol agents who arrested him after he was determined to be a citizen of Mexico and was present here

1

without authorization. D.E. 1. He made his initial appearance in federal court the day of his arrest and counsel was appointed. D.E. 3. Botello was indicted the same month for violation of 8 U.S.C. §§ 1326(a), 1326(b). D.E. 6.

In June 2013, he pleaded guilty to the sole count of the indictment without a plea agreement before a federal Magistrate Judge. D.E. 10, 11. The Court adopted the finding and recommendation on Botello's plea of guilty. D.E. 13.

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 14. Botello's base offense level for illegal reentry was 8, but was increased by 16 levels due to his prior conviction for a crime of violence, arson. *Id*., ¶¶ 11, 12. After acceptance of responsibility, his total offense level was 21. *Id*., ¶¶ 17-20. Botello had previous convictions and a criminal history category of IV. His guideline sentencing range was 57 to 71 months imprisonment. *Id*., ¶ 40.

Botello was sentenced to 37 months imprisonment, no fine, but a special assessment of $100. D.E. 20. The Court adopted the PSR as the findings of the Court. D.E. 21. Judgment was entered on the docket on September 27, 2013. D.E. 20. He did not appeal. He filed a motion to appoint counsel in June 2016 and this Court recharacterized the motion as one pursuant to § 2255.

### III.    MOVANT'S CLAIMS

Botello challenges the application of the 16 level enhancement pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *United States v. Hernandez-Lara*, 2016 WL 1239199 (9th Cir. 2016).

### VI.    ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f).

---

[1]   The statute provides that the limitations period shall run from the latest of:

(1) *the date on which the judgment of conviction becomes final*;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

3

The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Botello's judgment became final on October 11, 2013, fourteen days after judgment was entered on the docket. *See* Fed. R. App. P. 4(b)(1). He was required to file his motion to vacate no later than one year from that date, or on or before October 11, 2014. Botello's motion was filed no later than June 1, 2016, the day on which it is postmarked. Rule 3(d), 2255 Rules. Unless an exception applies to the standard limitations period, he mailed it more than a year too late.

**C.     Crime of Violence**

Botello claims that *Johnson* invalidated the enhancement of his offense for a crime of violence. But *Johnson* only invalidated the use of the residual clause of the crime of violence definition in 18 U.S.C. § 924(e). Botello's illegal reentry level was enhanced pursuant to a crime of violence pursuant to the United States Sentencing Guideline Manual § 2L1.2(b)(1)(A)(ii). That provision states:

---

> is removed, if the movant was prevented from filing by such governmental action,
> (3) *the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

> (b) Specific Offense Characteristic
> (1) Apply the Greatest:
>> If the defendant previously was deported, or unlawfully remained in the United States, after--
>>> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) *a crime of violence*; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points . . . .

*Id*.

The Application Notes define a crime of violence to be:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, *arson*, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id*., application notes B(iii) (emphasis added).

Botello was convicted of arson in Texas in 1991 and the conviction received three criminal history points. Texas arson meets the definition of generic arson, thus the enhancement is proper under the guidelines as an enumerated offense. *United States v. Velez-Alderete*, 569 F.3d 541, 545-46 (5th Cir. 2009). Because Botello's arson conviction was an enumerated crime of violence. Moreover, the Fifth Circuit has recently held that

the crime of violence definition incorporated into the Sentencing guidelines in U.S.S.G. § 2L1.2(b)(1)(C) is not unconstitutionally vague. *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127 at *1, — F.3d — (5th Cir. August 5, 2016) (en banc). Because *Johnson* does not provide relief to Botello, his motion is untimely.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Botello has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Botello cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.   CONCLUSION

For the foregoing reasons, Botello's motion (D.E. 23, 26) is DISMISSED with prejudice. Additionally, he is DENIED a Certificate of Appealability. The Court also DENIES Botello's motion to appoint counsel. D.E. 27.

It is so ordered this 15th day of August, 2016.

                                                          _____
                                                          HAYDEN HEAD
                                                          SENIOR U.S. DISTRICT JUDGE